UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


UNITED STATES OF AMERICA                                      PLAINTIFF

vs.                              CRIMINAL ACTION NO. 3:00CR125-DJH

BENJAMIN WILLIAMSON                                          DEFENDANT

*Filed electronically*
**RESPONSE TO DEFENDANT'S MOTION FOR EXPUNGEMENT (DN 127)**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, in response to Benjamin Williamson's *pro se* Motion for Expungement (DN 127), and states its objection to the request.

On August 13, 2001, Williamson pled guilty to drug trafficking and simple possession of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 844.  (DN 86).  The Court sentenced him to 30 months in prison followed by three years' Supervised Release, on November 5, 2001.  (DN 99). Williams did not pursue a direct appeal or collaterally attack his conviction/sentence.

On February 4, 2019, Williamson filed the instant *pro se* motion, seeking expungement of the criminal conviction.  (DN 127).  He cites no legal authority to support the request.

Before a federal court may entertain a motion to expunge, it must find that it has authority to provide the requested relief under either a statute or the narrow doctrine of ancillary jurisdiction. *See United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010).  As courts of limited jurisdiction, federal courts possess only those powers authorized by the Constitution and federal statutes and may not expand such powers by judicial decree. *Id.* at 873 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (internal quotation marks omitted).

The party moving to expunge has the burden of establishing a federal court's jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

The Sixth Circuit has discussed in past opinions the authority of district courts to grant expungement. *See*, *e.g.*, *Lucido*, 612 F.3d at 871. There are three possible circumstances in which a federal court may expunge a conviction: (1) when the court has original jurisdiction under 18 U.S.C § 3231; (2) when a statute authorizes expungement of the conviction under the circumstances; or (3) when a court has authority under its ancillary jurisdiction. *Id.* at 873.

With respect to criminal jurisdiction, the district courts of the United States "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.  Here, the Court does not have original jurisdiction over Williamson's request.  The motion for expungement is a request for an equitable form of relief. *See United States v. Dawson*, 2016 WL 7383539 at *1 (ED MI Dec. 21, 2016).  This type of request is independent from the criminal proceedings.  Therefore, the Court does not have original jurisdiction under 18 U.S.C. § 3231.

Similarly, the second possible circumstance that would allow the Court to consider expungement is also lacking.  Certain federal statutes explicitly permit the expungement of criminal records under limited circumstances. *Lucido*, 612 F.3d at 874; *see* 18 U.S.C. § 3607(c), 21 U.S.C. § 844a(j) (Controlled Substances Act); 34 U.S.C. § 12592 (formerly cited as 42 U.S.C. § 14132), 10 U.S.C. § 1565(e) (certain DNA records). However, there is no federal statute granting district courts the general authority to expunge valid criminal convictions.  *United States v. Fourtounis*, 2018 WL 6267757 at *1 (ND OH Nov. 30, 2018)(citing *United States v. Belfer*, No. 1:62-CR-321, 2018 WL 3374069, at *2 (N.D. Ohio July 11, 2018)(citing *United*

2

*States v. Welch*, No. 1:05–cr–158, 2007 WL 4465256, at *1 (W.D. Mich. Dec. 18, 2007))).

There is a statute that allows for expungement of certain types of drug offenses, namely, simple

possession.  However, an examination of the plain language of the statute reveals that the

requested relief is not available to Williamson.  His conviction is not limited to simple

possession.  He was also convicted of violating 21 U.S.C. § 841(a)(1).  Offenses under 21 U.S.C.

§ 841(a)(1) are not covered by 21 U.S.C. § 844a(j).

Finally, ancillary jurisdiction affords no relief in the case at bar.  Federal courts have

ancillary jurisdiction over proceedings that are related to, but technically separate from, the

original case over which the court had subject-matter jurisdiction. *United States v. Field*, 756

F.3d 911, 914 (6th Cir. 2014).  A court may assert ancillary jurisdiction over a proceeding if

doing so enables a court "to manage its proceedings, vindicate its authority, and effectuate its

decrees." *Fourtounis,* 2018 WL 6267757 at *2 (quoting *Kokkonen*, 511 U.S. at 380); *See United

States v. Smith*, No. 1:05–cr–286, 2010 WL 2802274, at *1 (W.D. Mich. July 15, 2010).

Ancillary jurisdiction is governed by case law. *Fourtounis,* 2018 WL 6267757 at *2

(citations omitted).   A district court's ancillary jurisdiction over motions to expunge is limited.

*Id*.  As such, the Sixth Circuit has held that district courts may exercise ancillary jurisdiction over

motions to expunge that "challenge an unconstitutional conviction ... or [a motion] otherwise

based upon a constitutional claim," but not motions based on purely equitable considerations. *Id*.

(citing *Field*, 756 F.3d at 915–16); *see, e.g., Belfer*, 2018 WL 3374069, at *2.  Williamson's

motion make no such constitutional challenge.  Rather, it is rooted in a quest to improve personal

and professional standing in his community.  While admirable and serious, the grounds for his

motion lie squarely in the realm of equitable considerations and simply do not fall within the

parameters of ancillary jurisdiction.

Simply put, the Court lacks jurisdiction to consider Williamson's motion.  Consequently, the United States respectfully requests that the motion be **DENIED**.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

*/s/ Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 625-7065
(502) 582-5097 (Fax)

Certificate of Service

I hereby certify that a copy of the foregoing was mailed on February 11, 2019, to:
Benjamin Williamson
2066 Red Oak Road
Barnwell, S.C. 29812

*/s/ Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney