UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                                Plaintiff,

v.                                                                Criminal Action No. 3:00-cr-125-DJH

BENJAMIN WILLIAMSON,                                                                Defendant.

\* \* \* \* \*

## ORDER

Defendant Benjamin Williamson filed a pro se motion to expunge his prior criminal conviction. (Docket No. 127) The United States opposes the motion. (D.N. 131)

Williamson pleaded guilty on August 13, 2001, to one count of possession with intent to distribute 500 grams of cocaine and one count of possession of cocaine. (Order at 1, No. 00-cr-125-DJH (W.D. Ky. Aug. 17, 2001) (documents in the docket before Docket No. 127 are not electronically available via CM/ECF); *see* D.N. 1) Williamson was sentenced on November 5, 2001, to thirty months in prison and three years of supervised release. (D.N. 99 at 2) The case later closed on November 9, 2001, and upon Williamson's motion being filed, the case was placed on the docket of the undersigned Judge for consideration. (*Id.*; D.N. 128) As grounds for his motion to expunge, Williamson states that he has built a successful career, has become involved in mentoring youth, and that expunging his conviction will allow him "to continue moving forward with both [his] personal and professional life as a valued member of society." (D.N. 127, PageID # 2-3) In response, the government argues that the Court lacks jurisdiction to grant Williamson's motion. (D.N. 131, PageID # 9-10)

Federal courts are "courts of limited jurisdiction" and may exercise only the authority granted by the Constitution or by statute. *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir.

1

2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). There are three possible sources of jurisdiction over an expungement motion: (1) the Court's original authority over the criminal action directly provides for jurisdiction of expungement motions; (2) another statute provides for jurisdiction over the expungement motion; or (3) the Court has jurisdiction over the expungement motion pursuant to its ancillary jurisdiction. *Id.* at 873-74.

The Court's original jurisdiction over Williamson's criminal action does not extend to expungement motions. The Court has original jurisdiction over all criminal "offenses against the laws of the United States." 18 U.S.C. § 3231. This statute does not confer jurisdiction over expungement motions because such a request is "for an equitable form of relief seeking to alter public records," not "an offense against the United States." *United States v. Allen*, No. 3:08-cr-54-TBR, 2018 WL 2090820, at *1 (W.D. Ky. May 4, 2018) (quoting *United States v. Daniels*, No. 3-50015, 2016 WL 4168647, at *1 (E.D. Mich. Aug. 8, 2016)).

Nor does Williamson point to any other statute that gives the Court jurisdiction to grant expungement relief in this case, and the Court is aware of none. Several statutes permit expungement motions, but none apply to Williamson's case. *Lucido*, 612 F.3d at 874; *see* 18 U.S.C. § 3607(c) (allowing expungement of conviction for possession under Controlled Substances Act when offender received probation under § 3607(a) and was under the age of twenty-one at the time of the offense); 21 U.S.C. § 844a(j) (allowing expungement of civil-penalty records in federal drug-possession cases); 5 U.S.C. § 522a(g) (allowing expungement of inaccurate government records); 34 U.S.C. § 12592(d) (allowing expungement of DNA records for qualifying charges if the charges are dismissed, result in acquittal, or result in convictions that are later overturned). Williamson requests expungement of his criminal record, not a record of a civil penalty, and he was not twenty-one at the time of his offense. (D.N. 127, PageID # 2-3; *see* D.N.

2

99 at 1) As a result, neither 18 U.S.C. § 3607(c) nor 21 U.S.C. § 844a(j) provides the Court jurisdiction to consider expunging Williamson's possession conviction. There is thus no statutory basis for jurisdiction.

Finally, the Court's ancillary jurisdiction is not a proper source of authority to exercise jurisdiction over Williamson's expungement motion. The Court may exercise ancillary jurisdiction over an expungement motion when the motion challenges the constitutionality of an arrest or conviction. *United States v. Field*, 756 F.3d 911, 916 (6th Cir. 2014). In contrast, the Court lacks "ancillary jurisdiction over motions for expungement based on purely equitable considerations." *Id.* Williamson does not allege any constitutional infirmity with his original arrest and conviction. Instead, he states that he has developed a successful career, has become involved in mentoring youth, and requests expungement to further his ability to be involved in his community. (D.N. 127, PageID # 2-3) Because Williamson raises only equitable considerations for expungement, the Court's ancillary jurisdiction does not extend to his motion. *Field*, 756 F.3d at 916.

While the Court commends Williamson on his conduct since his release from incarceration, the Court is bound by Sixth Circuit precedent. Under *Field* and *Lucido*, the Court lacks jurisdiction to address Williamson's motion to expunge. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Williamson's motion for expungement (D.N. 127) is **DENIED**. This matter remains **CLOSED**.